JUSTICE GRAY,
specially concurring.
¶29 I concur in the result reached by the Court and, indeed, in its Pratt analysis. I would not reach the Pratt issue, however, because I would reverse the District Court’s determination that an investigative stop occurred in this case.
¶30 As the Court points out, Roberts had just pulled into the driveway at 107 Daly Avenue when Officer Oster pulled in behind him. He easily could have ignored Officer Oster and proceeded into the house at that address. That he did not do so does not convert a voluntary encounter into an investigative stop.
¶31 Moreover, Kerr is readily distinguishable. There, the officer blocked the one-lane driveway just as the defendant was backing his car out. As the Court emphasizes from the Ninth Circuit’s opinion, the defendant’s “freedom to depart” was restrained when the officer blocked the driveway. In the present case, however, Roberts was not attempting to depart and being — as the Court puts it — physically constrained as to his means and direction of travel by Officer Oster’s arrival. Indeed, he had arrived at the place he was intending to reach and could have proceeded inside. I would conclude that the encounter between Roberts and Officer Oster was voluntary and that no investí *488 gative stop occurred. On that basis, I would reverse the District Court’s suppression of the evidence.